IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON MANSKEY, #B-37012, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 16-cv-1368-NJR ) |
| C/O WIGGS, C/O JONES, and C/O STALLING, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jason Manskey, an inmate who is currently incarcerated at Dixon Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his Eighth and Fourteenth Amendment rights at Shawnee Correctional Center ("Shawnee"). (Doc. 1). According to the Complaint, Plaintiff was repeatedly subjected to the unauthorized use of force by three correctional officers (C/O Wiggs, C/O Jones, and C/O Stalling) at Shawnee in 2014. (Doc. 1, p. 5). The same officers failed to ensure that Plaintiff received medical treatment for his resulting injuries. *Id*. Plaintiff claims that these officers violated his right to be free from cruel and unusual punishment under the Eighth Amendment and his right to due process of law under the Fourteenth Amendment. *Id*. He seeks monetary damages. (Doc. 1, p. 6).

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and supporting exhibits, the Court deems it appropriate to dismiss certain portions of this action. The Complaint otherwise survives screening under § 1915A.

## The Complaint

During his incarceration at Shawnee in 2014, Plaintiff claims that he was repeatedly beaten by three prison guards, *i.e*., C/O Wiggs, C/O Jones, and C/O Stalling. (Doc. 1, p. 5). The first incident occurred on November 14, 2014, when Plaintiff was taken from his cell to segregation processing. *Id*. Once there, Sergeant Hobbs and C/O Wiggs threw him to the ground and stepped on his forehead. *Id*. C/O Jones then pinned Plaintiff down by his arms, while Sergeant Hobbs punched him in the chest. *Id*. The officers threatened Plaintiff with far worse

consequences, if he told anyone what occurred. *Id*. C/O Kauffman, a control room officer, allegedly witnessed the incident. *Id*.

Plaintiff told Mrs. Destman in mental health what happened. (Doc. 1, p. 5). She asked Plaintiff if he wanted to report his claim of staff misconduct to internal affairs. *Id*. Plaintiff declined to do so because he feared a second assault. *Id*. He declined to file a grievance for the same reason. *Id*.

On December 26, 2014, Plaintiff returned to segregation for reasons that are not disclosed in the Complaint. (Doc. 1, p. 5). Around 9:00 p.m., Sergeant Hicks, C/O Wiggs, C/O Bone, and Nurse Williams entered his cell and threatened to beat him. *Id*. They tried to provoke Plaintiff's cellmate to do the same. *Id*. Neither the prison guards nor the cellmate made physical contact with Plaintiff during this encounter. *Id*.

On December 28, 2014, Plaintiff was taken from his cell around 9:45 p.m. (Doc. 1, p. 5). An officer, who was wearing no name tag but was later identified as C/O Stalling, entered Plaintiff's cell and dragged him to segregation processing. *Id*. There, Plaintiff was beaten in the dark by C/O Wiggs, C/O Jones, C/O Stalling, and possibly a fourth officer. *Id*. For several minutes, the officers "pummeled" Plaintiff. *Id*. When Plaintiff's body began convulsing, one of the officers then said that Plaintiff had "had enough," and he was dragged back to his cell and thrown on the floor. *Id*.

On January 10, 2015, Plaintiff reported the second incident to mental health and filed a grievance to complain about it. (Doc. 1, p. 5). He was interviewed and photographed by internal affairs officers and signed a report prepared by them, but Plaintiff was never offered medical treatment for his resulting injuries. *Id*. He blames Nurse Williams for the denial of medical care. *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* Complaint into the following enumerated counts:

**Count 1 -** Eighth Amendment claim against C/O Wiggs and C/O Jones for using excessive force against Plaintiff on November 14, 2014.

**Count 2 -** Eighth Amendment claim against C/O Wiggs, C/O Jones, and C/O Stalling for using excessive force against Plaintiff on December 28, 2014.

**Count 3 -** Eighth Amendment claim against C/O Wiggs, C/O Jones, and C/O Stalling for denying Plaintiff medical care for the injuries they inflicted on November 14 and December 28, 2014.

**Count 4 -** Fourteenth Amendment due process claim against the defendants for failing to notify local authorities of Plaintiff's injuries or file police reports against them.

The parties and the Court will continue using these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion regarding their merits.

## Claims Subject to Further Review

### Counts 1 and 2

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). To state an excessive force claim, an inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The allegations in the Complaint satisfy this

standard with respect to the first incident involving C/O Wiggs and C/O Jones on November 14, 2014, and to the second incident involving C/O Wiggs, C/O Jones, and C/O Stalling on December 28, 2014. By all indications, the punishment was unprovoked by Plaintiff. Further, the allegations suggest that it may have been malicious and sadistic. Accordingly, Plaintiff shall be allowed to proceed with Count 1 against C/O Wiggs and C/O Jones and Count 2 against C/O Wiggs, C/O Jones, and C/O Stalling.

## Claims Subject to Dismissal

### Count 3

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they respond to an inmate's serious medical needs with deliberate indifference. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). To state a claim, "[t]he plaintiff must show that (1) his medical need was serious (an objective standard), and (2) state officials acted with deliberate indifference to his medical need (a subjective standard). *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The determination of whether an injury is objectively serious is very fact-specific. *Gutierrez*, 111 F.3d at 1369. Seriousness is shown where a doctor indicates that the injury requires treatment, significantly impacts daily activities, or results in chronic or substantial pain, among other things. *Id*. Deliberate indifference is shown where an official is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . also draw[s] the inference." *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002).

The Complaint supports no Eighth Amendment medical needs claim against the defendants. Plaintiff fails to identify any injuries he suffered as a result of the incidents that occurred on November 14 or December 28, 2014. The Court has no factual basis for finding that

Plaintiff suffered from an objectively serious medical need that required any sort of treatment at all. Further, no allegations suggest that the defendants knew of any particular injuries requiring treatment, despite the fact that they were the ones who inflicted said injuries. Having failed to satisfy the components of this claim, the Court finds that Count 3 is subject to dismissal without prejudice against all of the defendants.

**Count 4**

Plaintiff's due process claim, though not altogether clear, appears to arise from his dissatisfaction with the manner in which his January 2015 grievance was handled. He suggests that the investigation into his grievance should have resulted in criminal charges against the defendants and medical treatment for Plaintiff. (Doc. 1, p. 5). There are several problems with this claim.

For one thing, Plaintiff names no one other than C/O Wiggs, C/O Jones, and C/O Stallings as defendants in this action. However, they did not process his grievance. Second, prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Third, a cause of action does not arise under the Fourteenth Amendment Due Process Clause where a plaintiff files a grievance and simply disagrees with the outcome. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain

6

the outcome he desired). Finally, Plaintiff bring criminal charges against the defendants in a civil rights action filed pursuant to § 1983. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law). Count 4 shall therefore be dismissed with prejudice against the named defendants.

### Claims Against Non-Parties

Plaintiff cannot pursue claims against non-parties. In his statement of claim, Plaintiff names several individuals who are not identified as defendants in the case caption of his Complaint or in his list of defendants. (Doc. 1, p. 5). These individuals include Sergeant Hobbs, C/O Kaufmann, Mrs. Destman, Sergeant Hicks, C/O Bone, Nurse Williams, an unknown fourth officer, and several internal affairs officers, among others. *Id*. Plaintiff cannot proceed with any claims against these individuals. To be properly considered a party, a defendant must be "specif[ied] in the caption." FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005). These individuals are not listed. The Court will not assume that Plaintiff intended to sue them and will not require these individuals to defend against Plaintiff's claims. All claims against these individuals are considered dismissed without prejudice.

### Pending Motions

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) shall be addressed in a separate Order.

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 3** against Defendants **C/O WIGGS, C/O JONES,** and **C/O STALLING** is **DISMISSED without prejudice** for failure to state a claim

upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 4** against Defendants **C/O WIGGS, C/O JONES,** and **C/O STALLING** is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that **COUNT 1** against Defendants **C/O WIGGS** and **C/O JONES** and **COUNT 2** against Defendants **C/O WIGGS, C/O JONES,** and **C/O STALLING** are subject to further review. As to **COUNTS 1** and **2,** the Clerk of Court shall prepare for Defendants **C/O WIGGS, C/O JONES,** and **C/O STALLING**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on the Motion for Recruitment of Counsel (Doc. 3), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: January 11, 2017**

                                                                     */s/ Nancy J. Rosenstengel*

                                                         **NANCY J. ROSENSTENGEL**
                                                         **United States District Judge**