# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON MANSKEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-CV-1368-NJR-DGW |
| STEPHEN JONES, JEFFREY STALLINGS, and RICHARD WIGGS, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 49) regarding the motion for summary judgment filed by Defendants Stephen Jones, Jeffrey Stallings, and Richard Wiggs (Doc. 30). The motion seeks summary judgment on the issue of exhaustion of administrative remedies. The Report and Recommendation was entered on April 18, 2018, and recommends denying the motion for summary judgment filed by Wexford (Doc. 49). No objection to the Report and Recommendation was filed.

Plaintiff Jason Manskey ("Manskey"), an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Dixon Correctional Center, filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights (Doc. 1). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Gonzalez was permitted to proceed on the following claims:

**Count 1 –** Eighth Amendment claim against C/O Wiggs and C/O Jones for using excessive force against Manskey on November 14, 2014.

**Count 2 –** Eighth Amendment claim against C/O Wiggs, C/O Jones, and C/O Stalling for using excessive force against Manskey on December 28, 2014.

(Doc. 6, p. 4-5).

Defendants filed a motion for summary judgment in October 2017, arguing that Manskey failed to exhaust his administrative remedies prior to filing suit (Docs. 30, 31). Manskey filed a response in opposition to the motion (Doc. 36). In accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion in November 2017 (Docs. 40, 47). On April 18, 2018, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court, in which he concluded that Manskey exhausted his administrative remedies. Specifically, Magistrate Judge Wilkerson found that, as to the November 14th incident, the purpose of the PLRA's exhaustion requirement was met and thus Manskey is deemed to have exhausted. As to the December 28, 2014 incident, Magistrate Judge Wilkerson found that the administrative process was rendered unavailable to Manskey and thus Manskey is deemed to have exhausted.

Objections to the Report and Recommendation were due on or before May 7, 2018. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); SDIL-LR 73.1(b). No objection was filed. Where neither timely nor specific objections to the Report and Recommendation are made, the Court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear

error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has reviewed Magistrate Judge Wilkerson's Report and Recommendation and finds there is no clear error in his findings of fact or conclusions of law. Accordingly, the Report and Recommendation (Doc. 49) is **ADOPTED** in its entirety. The motion for summary judgment filed by Defendants (Doc. 30) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  May 25, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**